### KEELER v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. February 27, 1899.)

### No. 1,070.

1. RAILROADS—LIABILITY OF RECEIVERS ON CONTRACTS OF EMPLOYMENT OF COMPANY.

In the absence of an order of court, a contract of employment of a railroad company is not binding on receivers afterwards appointed for it, within a clause of a subsequent deed of the railroad providing that the conveyance is made subject to "any and all indebtedness, obligations, or liabilities which shall have been legally contracted or incurred by the receivers."

2. SAME—FORECLOSURE—REORGANIZATION—LIABILITY OF NEW COMPANY.

Under Sess. Laws Kan. 1876, c. 110, § 1, providing that purchasers of a railroad at foreclosure sale may organize a new company, etc., but "that such organization shall in no wise affect any liability against the old corporation existing at the time of the organization of said new company," a contract of employment of the old company, existing when the new company is formed, does not become a liability of the latter.

92 F.—35

**8. SAME—PLEADING.**
Even if it were otherwise, a complaint against a new company on a contract of an old organization should show that the new company was formed under said statute.

In Error to the Circuit Court of the United States for the District of Colorado.

This is an action by F. L. Keeler against the Atchison, Topeka & Santa Fé Railway Company for breach of a contract of employment. A demurrer to the complaint was sustained, and a final judgment was entered in favor of defendant, and plaintiff brings error.

A. J. Abbott (E. C. Abbott, J. S. Jaffa, and J. J. McFeely, on the brief), for plaintiff in error.

Charles E. Gast, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This case was disposed of in the lower court on a demurrer to the complaint, which was sustained, and a final judgment was thereupon entered in favor of the Atchison, Topeka & Santa Fé Railway Company, the defendant below and the defendant in error here. The case made by the complaint, which was adjudged insufficient, was as follows: Prior to September 24, 1878, F. L. Keeler, the plaintiff in error, had been in the employ of the Atchison, Topeka & Santa Fé Railroad Company, the predecessor of the defendant, as a railroad engineer, and had sustained certain personal injuries. By way of settlement and compromise of a claim made against it by the plaintiff on account of said injuries, the Atchison, Topeka & Santa Fé Railroad Company on the day last mentioned entered into a contract with the plaintiff, whereby it paid him $1,720 in money, and agreed "to employ the said Keeler to work for said company in such capacity as he is capable of filling, so soon as he is able to perform the duties thereof, and to pay him the same wages for such services as the said railroad company from time to time may pay others for like services; and so long as the said Keeler shall remain and be able to perform the duties and services from time to time given him to do, and he shall remain faithful, honest, competent, and obedient, to continue him in its employ, and to treat him in all respects, as to promotion, as other employés of said company are treated." From that time forward until December 23, 1893, when receivers were appointed for said railroad company in a suit to foreclose a mortgage on its road, the plaintiff continued in its service as a locomotive engineer. He was also employed by the receivers after their appointment until about June 20, 1894, when he left their service temporarily on account of sickness. On August 15th of the same year he applied to the receivers for reinstatement in their service, but they declined to further employ him. All the property and franchises of the Atchison, Topeka & Santa Fé Railroad Company were sold on December 10, 1895, under a decree of foreclosure which was entered in the aforesaid foreclosure suit, at which sale its property and franchises were purchased by Edward King, Victor Morawetz, and Charles C. Beaman, who subsequently conveyed the same property and franchises to the defendant, the Atchison, Topeka &

Santa Fé Railway Company, which latter company was organized on December 12, 1895, under the laws of the state of Kansas. The deed by which the property was thus conveyed to the defendant company was made subject to "any and all indebtedness, obligations, or liabilities which shall have been legally contracted or incurred by the receivers * * * before delivery of possession of the property sold, and also any indebtedness and liabilities contracted or incurred by said Atchison, Topeka & Santa Fé Railroad Company in the operation of its railroads prior to the appointment of said receivers, which are prior in lien to said general mortgage, and payment whereof was provided for by the order of said court dated January 10, 1894, and filed January 16, 1894, and which shall not be paid or satisfied out of the income of the property in the hands of said receivers, upon the court adjudging the same to be prior in lien to the said general mortgage, and directing payment thereof." The complaint also pleaded the provisions of section 1, c. 110, Sess. Laws Kan. 1876, which was then in force and unrepealed. This section provides, in substance, that, when a railroad is sold in pursuance of a judgment foreclosing a mortgage or deed of trust thereon, the person or persons acquiring title under the sale, and their successors or assigns, may thereafter exercise all the rights, privileges, and franchises which belonged to the company making the mortgage, so far as they pertain to the portion of the road sold, and that they may organize a new company, elect directors, and dispose of stock in the same name as the old company, or may adopt another name, and may conduct their business generally as provided in the charter of the original company: provided, however, that the new company shall exercise no greater powers than were exercised by the old company: and provided that the new company shall file in the office of the secretary of state a certificate setting forth the facts required to be set forth on the organization of a new company: and provided, further, that the new company shall be subject to the same obligations to the state or the public as the original corporation, and "that such reorganization shall in no wise affect any liability against the old corporation existing at the time of the organization of said new company." Such, in legal effect, were the allegations of the complaint upon which the plaintiff relied for a recovery.

We agree with the circuit court that the complaint stated no cause of action, and that the demurrer thereto was well taken. The complaint did not set out any of the provisions of the order under and by virtue of which the receivers originally took possession of the property of the Atchison, Topeka & Santa Fé Railroad Company, or the provisions of any order subsequently made which required the receivers to adopt and continue in force such contracts of employment as at the time of their appointment were in existence between the old company and its employés. Neither did the complaint count upon any provision of the deed whereby the mortgaged property was conveyed by the master who conducted the foreclosure sale to the purchasers at that sale, nor the provisions of the decree of foreclosure, nor the terms of any order whereby the possession of the mortgaged property was relinquished by the receivers to the purchasers thereof,

or to the defendant company. In other words, the complaint fails to show that by any order of court made in the course of the foreclosure proceedings the contract existing between the plaintiff and the old company, for a breach of which by the receivers the present action is brought, ever became obligatory upon the receivers; and, in the absence of such a showing, it is obvious that they did not incur a liability by refusing to employ the plaintiff on August 15, 1894, which was cast upon the defendant company by virtue of the clause of the deed, heretofore quoted, under which the defendant acquired title. To make out a case against the defendant company under the assumption clause contained in the deed by which it acquired title, it was necessary for the plaintiff to have shown that his contract with the old company became binding upon the receivers; and this essential fact his complaint failed to disclose.

Besides the contention that the receivers incurred a liability by refusing to employ the plaintiff on August 15, 1894, it seems to be claimed in his behalf that his contract with the old company became a liability of the defendant company by virtue of the provision of the Kansas statute heretofore quoted (section 1, c. 110, Sess. Laws Kan. 1876), without reference to any orders made in the foreclosure suit. It is observable, however, that the statute in question does not say that, when a reorganization takes place after a sale under a decree of foreclosure, the liabilities of the old corporation existing at the time the new company is formed shall become liabilities of the new company; and such could not have been the legislative intent, as a law of that character would render foreclosure proceedings wholly meaningless and futile. The clause of the statute in question merely provides "that such reorganization shall in no wise affect any liability against the old corporation existing at the time of the organization of said new company"; and it was probably inserted, through abundant caution, to avoid a possible inference that the organization of a new corporation in the mode provided by the act worked a dissolution of the old corporation, and thereby extinguished its debts. Moreover, the complaint in the present case does not show by proper averments that the defendant company was organized as a corporation under authority conferred by section 1, c. 110, Sess. Laws Kan. 1876, as it should have shown, if it was intended to claim that by virtue of the provisions of that act the defendant company is liable to discharge all contracts, of whatsoever nature, that may have been made by the former company. We think, therefore, that no ground of recovery was disclosed by the complaint, and the judgment is hereby affirmed.